**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

CESAR ALBERTO ALENCASTRO-
MEJIA,

               Petitioner,

vs.

UNITED STATES OF AMERICA,

               Respondent.

No. C 11-4016-MWB
(No. CR 09-4034-MWB)

**MEMORANDUM OPINION AND
ORDER RE PETITIONER'S
SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . 4
    *B. Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . 6
        *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . 8
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2. Failure to request a* Franks *hearing* . . . . . . . . . . . . . . 12
        *3. Advice to enter into a plea agreement* . . . . . . . . . . . . . . 14
        *4. Misrepresentation of sentencing exposure* . . . . . . . . . . . 14
        *5. Failure to advise of possibility of deportation* . . . . . . . . . . 16
    *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . 17

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## I.  INTRODUCTION

This case is before me on petitioner Cesar Alberto Alencastro-Mejia's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on February 15, 2011; on Alencastro-Mejia's Supplemental Brief (Civ. docket no. 17), filed on November 30, 2011; on respondent's Resistance and Memorandum In Support Of Government's Resistence To Defendant's Motion (Civ. docket no. 19), filed on December 23, 2011; and on Alencastro-Mejia's Reply Brief (Civ. docket no. 20) filed on January 30, 2012.  Alencastro-Mejia claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways.  The respondent denies that Alencastro-Mejia is entitled to any relief on his claims.

### A.  The Criminal Proceedings

On June 18, 2009, Alencastro-Mejia was charged by a two-count Indictment (Crim. docket no. 3).  The first count of the Indictment charged Alencastro-Mejia with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 841(a)()1) and 841(b)(1)(B).  *See* Crim. docket no. 3.  Alencastro-Mejia was not named in count two of the Indictment.  On June 30, 2009, Alencastro-Mejia appeared in front of then Chief United States Magistrate Judge Paul A. Zoss to plead not guilty to count one of the Indictment.  *See* Crim. docket no. 8.

On September 17, 2009, Alencastro-Mejia appeared before Judge Zoss to change his plea to guilty to count one of the Indictment.  *See* Crim. docket no. 20.  Judge Zoss

filed a Report And Recommendation Concerning Plea Of Guilty (Crim. docket no. 22), on September 17, 2009, recommending that Alencastro-Mejia's plea of guilty be accepted. Also on September 17, 2009, the government filed a Superseding Indictment (Crim. docket no. 23), extending the dates of the conspiracy in count one and adding the names of additional co-conspirators. I entered an Order Concerning Magistrate's Report And Recommendation Regarding Defendant's Guilty Plea (Crim. docket no. 62) on October 8, 2009, thereby accepting Alencastro-Mejia's guilty plea to count one of the original Indictment.

On January 15, 2010, Alencastro-Mejia, through counsel, filed a Motion For Variance (Crim. docket no. 125), accompanied by a supporting brief. Alencastro-Mejia argued that he should benefit from a downward variance based on his unfortunate upbringing and his physical and mental health. *See* Crim. docket no. 125-2, at 2-4.

Alencastro-Mejia appeared before me on January 15, 2010, for a sentencing hearing. *See* Crim. docket no. 126. Alencastro-Mejia's motion for downward variance was the only contested issue at the time of sentencing. Sent. Trans. at 2.

I found that Alencastro-Mejia's offense level was 29, with a criminal history category of 2. Sent. Trans. at 22. This established Alencastro-Mejia's guideline range as 97 to 121 months. Sent. Trans. at 22.

As to Alencastro-Mejia's motion for downward variance, I found that a variance was appropriate in his case, based on Alencastro-Mejia's mental issues, abuse as a child, and lack of significant criminal history. Sent. Trans. at 22. I determined that the appropriate sentence, after consideration of the Title 18 § 3553(a) factors, was at the low end of the guideline range, and reduced his sentence by a further 15 months. Sent. Trans. at 22. I sentenced Alencastro-Mejia to 82 months. Sent. Trans. at 22.

### B.  The § 2255 Motion

On February 15, 2011, Alencastro-Mejia filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 3).  On November 30, 2011, counsel appointed to represent Alencastro-Mejia on his § 2255 Motion filed a Supplemental Brief In Support Of Motion To Vacate Sentence And Judgment (Civ. docket no. 17).  The respondent filed a Resistance And Memorandum In Support Of Government's Resistance To Defendant's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 19), on December 23, 2011.  Alencastro-Mejia filed, by counsel,  a Reply Brief (Civ. docket no. 20), on January 30, 2012.

## II.  LEGAL ANALYSIS

### A.  Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d

777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449.  Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims.  *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'"  *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'"  *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

With these standards in mind, I turn to analysis of Alencastro-Mejia's claims for § 2255 relief.

## B.  Procedural Matters

### 1.     Need for an evidentiary hearing

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted

by the record, inherently incredible, or conclusions rather than statements of fact.'"
*Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255.  On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence").  Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion.  In this case, I conclude that no evidentiary hearing is required on any issue because the record conclusively shows that Alencastro-Mejia's allegations either cannot be accepted as true, because they are contradicted by the record, or because, even if Alencastro-Mejia's allegations were accepted as true, they would not entitle him to relief. *Buster*, 447 F.3d at 1132.  "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (citing

*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotations and citation omitted)).

### 2. *Procedural default*

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). To the extent that I can construe Alencastro-Mejia's claims as claims of ineffective assistance of counsel, I will consider them on the merits.

### C. *Ineffective Assistance Of Counsel*

### 1. *Applicable standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied

the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

9

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689).  Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.,* at 690, 104 S. Ct. 2052.  To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.,* at 688, 104 S. Ct. 2052.  The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.,* at 690, 104 S. Ct. 2052.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403.  To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . .  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*).  There are two substantial impediments to making the required showing of deficient performance.  First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are

virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690).  Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92).  "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691).  As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.*  That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403.  However, even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the

lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2.    *Failure to request a* Franks *hearing*

Alencastro-Mejia asserts, *pro se,* that his trial counsel provided ineffective assistance by failing to request a *Franks* hearing to challenge the reliability and veracity of a co-operating witness. Brief in Support of Motion at 9. Respondent argues first, that because counsel appointed to represent Alencastro-Mejia on his § 2255 motion did not include this claim in his Supplemental Brief, it is waived. Resistance at 7. Respondent argues, in the alternative, that *Franks* is inapplicable to Alencastro-Mejia's case because Alencastro-Mejia was arrested during the commission of a crime and no search or arrest warrant was ever involved. Resistance at 7.

Respondent's reliance on *Betterton v. United States,* 2009 WL 2255768, at *11 (N.D. Iowa), for the proposition that this claim has been waived by Alencastro-Mejia, is misplaced because my order appointing habeas counsel in *Betterton* specifically delineated only two courses of action for counsel, to "confer with Betterton and either to file an

amended motion to vacate sentence or a statement that the petitioner would rely on his motion as filed." *Id*.   Betterton's habeas counsel filed a document captioned as a "Supplemental Brief," which, given my prior order appointing counsel in that case, could only be construed to be an amendment. *Id*.   In Alencastro-Mejia's case, however, the order, with regard to appointed counsel, states "Petitioner, Alencastro-Mejia, with the aid of counsel shall file a supplemental brief in support of Alencastro-Mejia's current motion." *See* Civil docket no. 5.   Unlike my order in *Betterton*, my order appointing habeas counsel in this case did not limit counsel's options to either amending or  relying on the original *pro se* motion.   Therefore, the Supplemental Brief filed by counsel in this case did not waive any of Alencastro-Mejia's original claims, but merely supplemented them.

A *Franks* hearing is required "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Butler*, 594 F.3d 955, 960 (8th Cir. 2010).   The record indicates that there were no warrants issued in Alencastro-Mejia's case because he was arrested during the commission of a crime, therefore, there simply were no allegedly false statements made by an affiant, in a relevant affidavit, subject to *Franks* analysis.   PSIR at ¶ 15.   "Counsel's failure to raise meritless issues does not  constitute ineffective assistance." *Dodge v. Robinson,* 625 F.3d 1014, 1019 (8th Cir. 2010) (citing *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991).   Since there were no warrants involved in this case, it would have been meritless for Alencastro-Mejia's trial counsel to request a *Franks* hearing and Alencastro-Mejia's claim on this ground, therefore, fails.

### 3.     *Advice to enter into a plea agreement*

Alencastro-Mejia argues, *pro se,* that his trial counsel provided ineffective assistance by advising him to enter into a plea agreement.  Brief in support at 10-11.  Respondent argues both that Alencastro-Mejia waived this claim and argues in the alternative that there was no plea agreement in this case.

As discussed above, I have determined that Alencastro-Mejia has not waived this claim on the grounds that it was included in his *pro se* motion, but not in the subsequent Supplemental Brief filed by counsel.  However, even though not waived, Alencastro-Mejia has not made any specific allegation with regard to how his trial counsel performed deficiently in this regard, and has not established that there was ever a plea agreement in this case.  "Claims argued with no specificity are waived." *Malone v. Vasquez*, 138 F.3d 711, 720 (8th Cir. 1998) (citing *Sweet v. Delo*, 125 F.3d 1144, 1159 (8th Cir. 1997).  Alencastro-Mejia's claim of ineffective assistance, on this ground, fails.

### 4.     *Misrepresentation of sentencing exposure*

Alencastro-Mejia claims both *pro se* and by habeas counsel, that his trial counsel provided ineffective assistance by informing him that he would only receive a 60-month sentence if he entered a plea of guilty, whereas he was eventually sentenced to 82 months.  Brief at 11-12.  Alencastro-Mejia asserts that he would not have pled guilty if he had known he could receive a sentence higher than 60 months.  Brief at 12-13; Supp. Brief at 6.

Respondent argues that, prior to Alencanstro-Mejia's decision to plead guilty, Alencastro-Mejia's trial counsel advised him that he estimated Alencastro-Mejia's potential sentence to be 60 months, the mandatory minimum for 50 grams or more of methamphetamine, based on the information available in the discovery file at the time.  Resistance at 10.  Additionally, respondent asserts that Judge Zoss, while presiding over

the plea hearing, made it perfectly clear to Alencastro-Mejia that his sentence would fall within the range of 5 to 40 years, and that his counsel's prediction of a sentence was only an estimate and did not bind a sentencing judge. Resistance at 10-12.

A challenge to a guilty plea on the grounds of ineffective assistance of counsel requires a showing of reasonable probability that, but for counsel's errors, an individual would not have pleaded guilty and instead would have insisted on going to trial. *See Schone v. Purkett*, 15 F.3d 785, 789 (8th Cir. 1994). Such a showing cannot be made where a district court tells the defendant, during a plea hearing, that the sentencing prediction is not binding, explains the statutory maximum, and explains that the sentencing guidelines would be used to determine his sentence. *See Bemis v. United States*, 97 F.3d 1456 (8th Cir. 1996). There is abundant Eighth Circuit precedent, in the context of a defendant's request to withdraw a guilty plea, "holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009).

The record in Alencastro-Mejia's case establishes that, during his plea-taking hearing, he was informed by Judge Zoss that the predictions of counsel regarding his potential sentence were not binding, that he would have to serve a minimum of five years and could serve a maximum of 40 years, that it would be up to the sentencing judge to determine his sentence according to the guidelines, and that the sentencing judge would not be bound by counsel's predictions. Plea Hrg. Trans. at 24-26. It was after being advised of this information regarding his potential sentence that Alencastro-Mejia decided to plead guilty. Plea Hrg. Trans. at 27.

15

Because Alencastro-Mejia cannot demonstrate that there was a reasonable probability that, but for the alleged errors of counsel, he would not have pleaded guilty and would instead have insisted on going to trial, he has not established that he was prejudiced. If a movant fails to establish prejudice resulting from counsel's alleged deficiencies, I do not need to inquire into the effectiveness of counsel.   Alencastro-Mejia's claim of ineffective assistance on this ground, therefore, fails.

### 5.   *Failure to advise of possibility of deportation*

Alencastro-Mejia argues, *pro se*, that his counsel provided ineffective assistance by failing to inform him that if he pleaded guilty, he would likely be deported.  Motion at 14. Respondent first argues that Alencastro-Mejia waived this argument because it was not included in the Supplemental Brief filed by counsel to represent him in this matter. Response at 7.  But in the alternative, argues that both Judge Zoss, during his plea hearing, and Alencastro-Mejia's counsel, discussed the possibility of deportation with him. Response at 9-10.

As discussed above, I have determined that Alencastro-Mejia has not waived this claim on the grounds that it was included in his *pro se* motion, but not in the subsequent Supplemental Brief filed by counsel.  In *Padilla v. Kentucky*, 130 S.Ct. 1473, 1483 (2010), the United States Supreme Court held that in a criminal case in which a presumptively mandatory deportation is an easily determined  result of a guilty plea, and counsel fails to advise defendant accordingly prior to entering a plea of guilty, counsel has performed deficiently.   However, even if a movant establishes that their trial counsel performed deficiently pursuant to *Padilla*, the movant must still demonstrate that he was prejudiced by counsel's conduct.  *Id*. at 1487.

 Here, the record demonstrates that Alencastro-Mejia was advised by the court, prior to entering his plea of guilty, that he would "almost certainly be deported

16

immediately after serving your prison sentence." Plea Hrg. at 20. After indicating that he understand this information, Alencastro-Mejia entered his plea of guilty. Plea Hrg. at 20-23. Because Alencastro-Mejia cannot establish that there was a reasonable probability that he would not have plead guilty if he had been advised that he would almost certainly be deported, his claim of ineffective assistance, on this ground, fails.

### D.   Certificate Of Appealability

Denial of Alencastro-Mejia's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that

17

"'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Alencastro-Mejia has not made a substantial showing of the denial of a constitutional right on his § 2255 claims.  *See* 28 U.S.C. § 2253(c)(2).  Specifically, there is no showing that reasonable jurists would find my assessment of Alencastro-Mejia's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently.  *Cox*, 133 F.3d at 569.  Therefore, Alencastro-Mejia does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, Alencastro-Mejia's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3), is **denied in its entirety**.  This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 31st day of October, 2012.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

18